1
2
3
4

The Honorable Thomas T. Glover
Hearing Date:  May 28, 2008
Hearing Time:  9:30 a.m.
Response Date:  May 28, 2008
Chapter 13

5
6
7
8
9

Michaelanne Ehrenberg
Karr Tuttle Campbell
1201 Third Avenue, Suite 2900
Seattle, WA  98101
(206) 223-1313
Attorneys for Educational Credit Management Corporation

10
11
12

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

13

| | |
|---|---|
| In re | ) |
| | ) Case No.  04-14958 |
| Judy A. Harlock, | ) |
| | ) Adv. Proc. No.  08-01117 |
| Debtor. | ) |
| _____ | ) DEFENDANT EDUCATIONAL CREDIT |
| | ) MANAGEMENT CORPORATION'S |
| Judy A. Harlock, | ) OPPOSITION TO PLAINTIFF'S MOTION |
| | ) FOR PRELIMINARY INJUNCTION AND |
| Plaintiff, | ) NOTICE AND MOTION FOR SUMMARY |
| | ) JUDGMENT |
| v. | ) |
| | ) |
| Educational Credit Management Corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

DEFENDANT EDUCATIONAL CREDIT MANAGEMENT
CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND NOTICE AND MOTION FOR
SUMMARY JUDGMENT - 1
Case No. 04-14958  Adv. Proc. No. 08-01117
#671218 v1 / 32859-120

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

## NOTICE

PLEASE TAKE NOTICE that DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (on shortened time), is SET FOR HEARING as follows:

JUDGE:   Honorable Thomas T. Glover          TIME:   May 28, 2008

PLACE:   Marysville Municipal Court           DATE:   9:30 a.m.
         1015 State Avenue
         Marysville, WA 98270

IF YOU OPPOSE the below stated Motion, you must file your written response with the court clerk, serve two copies on the Judge's chambers, and deliver a copy to the undersigned NOT LATER THAN the RESPONSE DEADLINE, which is May 28, 2008.

IF NO RESPONSE IS TIMELY FILED AND SERVED, the Court may, in its discretion, GRANT THE MOTION PRIOR TO THE HEARING WITHOUT FURTHER NOTICE, ENTER THE ORDER, and strike the hearing.

## MOTION

### I. RELIEF REQUESTED

Plaintiff Educational Credit Management Corporation ("ECMC") respectfully requests an order denying Plaintiff Judy A. Harlock's ("Plaintiff") motion for a preliminary injunction, and further for an order dismissing her claims alleged in her complaint against ECMC.

### II. STATEMENT OF FACTS

On or about February 16, 1988, Plaintiff executed a Promissory Note (the "Note") for a Federal Consolidation loan (the "Loan") in the amount of $11,049.74; the entire amount was disbursed on this Note. *Affidavit of Kerry Klisch, p. 4.* The lender was Sallie Mae. The

DEFENDANT EDUCATIONAL CREDIT MANAGEMENT
CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND NOTICE AND MOTION FOR
SUMMARY JUDGMENT - 2
Case No. 04-14958 Adv. Proc. No. 08-01117
#671218 v1 / 32859-120

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

guarantor was Great Lakes Higher Education Corporation ("Great Lakes"). *Affidavit of Kerry Klisch, p. 4,* Exhibit A.

When Plaintiff failed to honor her repayment obligation to Sallie Mae, her account became severely delinquent. Sallie Mae sent a letter to the Plaintiff on February 9, 2003, telling her that her loan would default on March 11, 2003 if she did not send in payment immediately. *Affidavit of Kerry Klisch, p. 5, Exhibit H.* This letter also informed Plaintiff that, if she did default, her loan would be assigned to the agency that guaranteed her loan and that the guarantor may take legal action against her. *See* Exhibit H.

Plaintiff made no payment to Sallie Mae after receiving this letter and defaulted on her student loan debt. *Affidavit of Kerry Klisch, p. 6,* Exhibit E. When a borrower defaults under the terms of the Note, federal regulations require the lender to file a claim with the Note's guarantor. *Affidavit of Kerry Klisch, p. 7; See also* 34 C.F.R. § 682.401(b)(17)(i)(B); 20 U.S.C. § 1085(l)(1) (borrower is in default of terms of Note after failing to make payment for 270 days). Pursuant to federal regulations, Sallie Mae filed a claim for default under the Note's guaranty with the guarantor, and Great Lakes paid Sallie Mae's claim for default on September 22, 2003. *Affidavit of Kerry Klisch, p. 7,* Exhibit E. As of September 23, 2003, Great Lakes owned all right, title, and interest in the Loan.

On September 24, 2003, Great Lakes sent Plaintiff a letter notifying her that she had defaulted, that Great Lakes had paid off the lender, and had contracted with OSI, a collection agency, to collect on the Loan. *Affidavit of Kerry Klisch, p. 8,* Exhibit E. OSI began contacting and corresponding with Plaintiff on September 24, 2003. *Affidavit of Kerry Klisch,*

DEFENDANT EDUCATIONAL CREDIT MANAGEMENT
CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND NOTICE AND MOTION FOR
SUMMARY JUDGMENT - 3
Case No. 04-14958 Adv. Proc. No. 08-01117
#671218 v1 / 32859-120

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

*p. 9,* Exhibit B (OSI's Collection History report evidencing numerous contacts with Plaintiff regarding the default status of the Loan). In fact, Plaintiff herself contacted OSI on October 1, 2003. *Affidavit of Kerry Klisch, p. 9,* Exhibit B-2. Moreover, on February 22, 2004, an OSI collector spoke in person with Plaintiff, told her that her loan was defaulted, and advised her that "there is a good possibility she will be garnished." Plaintiff replied: "That was fine." *Affidavit of Kerry Klisch, p. 9,* Exhibit B-6.

On April 13, 2004, fourteen months *after* Plaintiff received a letter from Sallie Mae telling her that she had defaulted and that her loan would be assigned to the guarantor, and almost seven months *after* Great Lakes notified Plaintiff that her loans were defaulted and owned by Great Lakes and almost six months *after* Plaintiff's own actions evidence that she knew her loans were held by Great Lakes/OSI, Plaintiff filed a Chapter 13 bankruptcy. *Affidavit of Kerry Klisch, p. 10,* Exhibits B, D, G.

By agreement, Great Lakes assigns its accounts that are in Chapter 13 bankruptcy to ECMC for handling. Thus, Great Lakes transferred all right, title, and interest in the Loan to ECMC on or about May 13, 2004. *Affidavit of Kerry Klisch, p. 10,* Exhibit C. (Letter of Assignment from Great Lakes to ECMC and the ECMC transfer manifest).

On August 30, 2004, *before* Plaintiff filed a § 523(a)(8) adversary proceeding, ECMC filed a proof of claim ("POC") in the amount of $34,527.13. *Affidavit of Kerry Klisch, p. 11,* Exhibit D (POC and Notice of Electronic Claims Filing). About two weeks later, on September 10, 2004, Plaintiff filed an adversary proceeding to determine dischargeability of the Loan. Despite knowing from Sallie Mae that her loans were assigned to the guarantor,

DEFENDANT EDUCATIONAL CREDIT MANAGEMENT
CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND NOTICE AND MOTION FOR
SUMMARY JUDGMENT - 4
Case No. 04-14958 Adv. Proc. No. 08-01117
#671218 v1 / 32859-120

knowing that Great Lakes owned her loan, having had numerous contacts with Great Lakes/OSI, and knowing that ECMC had received assignment of and had filed a proof of claim in her Chapter 13 case, Plaintiff named only **one** party as defendant in her Complaint: **Sallie Mae, Inc**. *Affidavit of Kerry Klisch, p. 12.*

When Plaintiff filed her adversary proceeding, she had specific knowledge that Sallie Mae had assigned her loans and did not own any right, title, or interest in Plaintiff's student loan debt **for almost a year and a half.** Moreover, Plaintiff had known for almost a year the identity of the entity that did own her student loan debt and, in fact, had had numerous direct contact with them. *See* Exhibits B, D, G.

When Sallie Mae failed to answer the Complaint, the court granted Plaintiff's Motion for Default Judgment on October 18, 2004. When Plaintiff received her general chapter 13 discharge on August 9, 2007, documenting that her estate was fully administered. Her case was closed on September 12, 2007.

On November 27, 2007, ECMC's in house Senior Attorney, Julie Swedback, advised Plaintiff's former bankruptcy counsel Ron Bell (who had retired), through his law partner William Davis, that the default order against Sallie Mae had no legal effect on ECMC's interest because Plaintiff's loan had defaulted <u>before</u> her bankruptcy filing and had been owned by the guarantor <u>before</u> he filed the bankruptcy and the adversary proceeding. Therefore, he had not only sued the wrong party but also had sued a party who had not owned the loan for almost a year. Ms. Swedback offered to accept service of process of a new

DEFENDANT EDUCATIONAL CREDIT MANAGEMENT
CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND NOTICE AND MOTION FOR
SUMMARY JUDGMENT - 5
Case No. 04-14958  Adv. Proc. No. 08-01117
#671218 v1 / 32859-120

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

§ 523(a)(8) adversary proceeding complaint naming ECMC or to discuss consolidation/rehabilitation options with him and/or his client. *See* Exhibit F.

Ms. Swedback also presented Ms. Davis with a copy of a sample notice sent to debtors in default, including Plaintiff, which advised debtors who held the loans and that immediate repayment was required. The collection agency's servicing history evidences the fact that Plaintiff received this notice because she called the collection agency within a week of receiving the default letter from the guarantor.

In November 2007, pursuant to its **nonbankruptcy, non title 11 authority**, ECMC initiated administrative wage garnishment proceedings against Plaintiff. 20 U.S.C. § 1095a(a); 34 C.F.R. § 682.410. ECMC also mailed Plaintiff notice of garnishment and informed her of her administrative relief available to her under the Higher Education Act. *See* Exhibit G.

Instead of invoking administrative relief under the Higher Education Act, Plaintiff contacted ECMC and informed that she was not invoking her rights under the Higher Education Act because her loans were discharged. Then, Plaintiff retained her present attorney, Steven Hathaway, and moved to reopen her bankruptcy case and asked this Court for an order reinstating the automatic stay. On April 9, 2008, the Court denied Plaintiff's motion. Instead of simply filing a proper adversary proceeding against ECMC, which would have triggered release of the administrative garnishment order, debtor's counsel has again moved for an injunction seeking to use the bankruptcy code to enjoin ECMC's garnishment rights under a wholly unrelated, non-title 11 statute. More importantly, the "complaint" filed

DEFENDANT EDUCATIONAL CREDIT MANAGEMENT
CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND NOTICE AND MOTION FOR
SUMMARY JUDGMENT - 6
Case No. 04-14958 Adv. Proc. No. 08-01117
#671218 v1 / 32859-120

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

against ECMC is not an undue hardship AP, as required by 11 U.S.C. § 523(a) but rather alleges that ECMC violated 11 U.S.C. § 524. Neither one of Plaintiff's claims merit legal relief from this Court.

### III. STATEMENT OF ISSUES

1.     Does a bankruptcy court have subject matter jurisdiction to issue an order to enjoin a creditor's garnishment rights that arise under non-title 11 law?

2.     Where a debtor has no likely chance to succeed on the legal merits of the underlying action and cannot show irreparable harm, should a bankruptcy court grant her motion for a temporary injunction?

3.     Is ECMC entitled to judgment as a matter of law on the debtor's complaint for violation of the discharge injunction, where the debtor defaulted on her student loan debt <u>before</u> she filed an adversary proceeding, knew that her loans were held by the guarantor—not the lender--<u>before</u> she filed bankruptcy, but nonetheless sued lender and obtained a default judgment against a party that held no right, title, or interest in the student loan debt?

### IV. EVIDENCE RELIED UPON

This brief in opposition to Plaintiff's Motion for a Temporary Injunction and ECMC's Motion for Summary Judgment is based upon the accompanying declaration of Kerry Klisch and the attached Exhibits A-H.

### V.     INTRODUCTION

This is not a case about suretyship as it relates to the federal guaranteed student loan program. Nor is it a case about whether Plaintiff is entitled to an undue hardship discharge of

DEFENDANT EDUCATIONAL CREDIT MANAGEMENT
CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND NOTICE AND MOTION FOR
SUMMARY JUDGMENT - 7
Case No. 04-14958 Adv. Proc. No. 08-01117
#671218 v1 / 32859-120

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

her student loan debt. Rather this case is only about a Plaintiff who knowingly sued the wrong party, obtained a default judgment against the wrong party in interest, and now asks this Court to hold an unrelated, unnamed party in contempt for performing its statutory and regulatory obligations under non-title 11 law pursuant to the default judgment. Put another way, Plaintiff's action is analogous to the situation where a person, who owns a Ford Focus, sues General Motors for mechanical problems she has with her Ford Focus. Or it is like somebody who has a complaint against Pepsi but sues Coke.

Plaintiff _knew_ and had known for over a year _before_ she filed her adversary proceeding that Sallie Mae did not own her student loans. She had _numerous_ conversations and correspondence with the guarantor and the collection agency, OSI, for over a year _before_ she filed her adversary proceeding. Plaintiff's former attorney simply named the wrong party and obtained a default judgment against a party that owned no right, title, interest in the student loan debt. Such an order can have no legal effect against the proper, unnamed party in interest—and, more so, where the Plaintiff _knew_ the identity of the proper party in interest before filing suit.

## VI. ARGUMENT

**A.    Because ECMC's garnishment authority derives from non title 11 law and because the relief Plaintiff seeks could have no conceivable effect on her Chapter 13 bankruptcy estate, this Court lacks subject matter jurisdiction to grant Plaintiff's Motion for a Preliminary Injunction.**

The Bankruptcy Court lacks subject matter jurisdiction over a civil proceeding unless the action is "related to" bankruptcy, and only then if the proceeding would "conceivably have any effect on the estate being administered in bankruptcy." *In re Valdez Fisheries*

DEFENDANT EDUCATIONAL CREDIT MANAGEMENT
CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND NOTICE AND MOTION FOR
SUMMARY JUDGMENT - 8
Case No. 04-14958  Adv. Proc. No. 08-01117
#671218 v1 / 32859-120

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

*Development Ass'n v. State of Alaska,* 439 F.3d 545 (9th cir. 2005). In the case of Chapter 13 estates, the 9th Circuit has held that no such related to jurisdiction exists if the Chapter 13 has been discharged. *In re Fietz,* 852 F.2d 455, 457 (9th Cir. 1988). Here, the debtor's Motion for a preliminary injunction suffers from two fatal flaws: (1) her Chapter 13 case has been discharged, and there is no estate left to administer, and (2) ECMC is garnishing her wages pursuant to the Higher Education Act, a non title 11 law. Therefore, her requested relief does not fall within this Court's "related to" jurisdiction.

First, Plaintiff received her Chapter 13 general discharge on August 9, 2007. This documents that her estate was fully administered. Her case was closed on September 12, 2007. Moreover, because Plaintiff is no longer submitting her wages to the Bankruptcy Court for the Trustee to administer, there is no estate to administer. *Id.* at 547.

Second, ECMC's legally binding garnishment order was obtained under non-title 11 law, the Higher Education Act, which provides federal guaranty agencies with the authority to administratively garnish the wages of borrowers who have defaulted on their federal student loan debt. 20 U.S.C. § 1095a(a); 34 C.F.R. § 682.410(b)(9). Pursuant to this authority, ECMC began garnishment proceedings in November 2007. Therefore, Plaintiff's motion is improperly asking the Court to prevent ECMC from acting upon its proper garnishment rights, rights that legally derive from non-title 11 law. And, even if ECMC's garnishment authority could be construed as relating to Plaintiff's bankruptcy, Plaintiff's requested relief could have no conceivable effect on the administration of her bankruptcy estate. *Id.* at 547-48. This Court lacks related to subject matter jurisdiction to grant Plaintiff's Motion.

DEFENDANT EDUCATIONAL CREDIT MANAGEMENT
CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND NOTICE AND MOTION FOR
SUMMARY JUDGMENT - 9
Case No. 04-14958 Adv. Proc. No. 08-01117
#671218 v1 / 32859-120

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

**B.  In addition to the jurisdictional infirmities, she is not entitled to injunctive relief because Plaintiff cannot show a "strong likelihood of success" on her underlying complaint.**

Although Plaintiff's motion is jurisdictionally, fatally flawed, she has also failed to prove she is entitled to injunctive relief.  While, it is not clear from Plaintiff's motion for a preliminary injunction, which is not supported by any legal authority, the federal bankruptcy rules do authorize preliminary injunctions in adversary proceedings.  Fed. R. Bankr. P. 7065 (making Fed. R. Civ. P. 65, which governs preliminary injunctions, generally applicable in adversary proceedings).  But, to prevail on a motion for a preliminary injunction, a plaintiff must typically show (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to her if the preliminary injunction is not granted, and (3) a balance of hardships favoring the plaintiff.  *See NRDC v. Winter*, 518 F.3d 658, 677 (9th Cir. 2008); *Alcove Inv., Inc. v. Conceicao* (*In re Conceicao*), 331 B.R. 885, 889 (B.A.P. 9th Cir. 2005).  In addition to a lack of jurisdiction, this Court must deny Plaintiff's motion for a preliminary injunction should be denied because she cannot establish at least two of the three prongs required.  Ultimately, whether the student loan repayment presents an undue hardship on Plaintiff is not properly before this Court, as Mr. Harlock's complaint fails to cite § 523(a) as a basis for her motion.  And importantly, because Plaintiff is improperly relying upon an unbinding order, the relief sought under the guise of a "contempt" allegation should be denied in full.  Plaintiff is not legally entitled to an award of attorneys fees and costs in seeking to enforce the ineffective discharge judgment against ECMC.  Nor has plaintiff cited legal authority that provides for such relief.

DEFENDANT EDUCATIONAL CREDIT MANAGEMENT
CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND NOTICE AND MOTION FOR
SUMMARY JUDGMENT - 10
Case No. 04-14958  Adv. Proc. No. 08-01117
#671218 v1 / 32859-120

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

**1.     Plaintiff is unlikely to succeed on the merits of her claim.**

Plaintiff's default judgment has no legal effect against ECMC. Plaintiff's underlying complaint is founded on the premise that the order the Court entered in her Chapter 13 bankruptcy on October 18, 2004, discharged her student loan debt. Plaintiff's argument is fatally flawed: she (knowingly) sued the wrong party. As analogized above, she may have had a claim against Ford Motor but sued and took a default judgment against General Motors. In short, Plaintiff, through her prior counsel, wrongly sued an entity that she knew did not hold her loans. Unfortunately, her new counsel is trying to improperly use the ill-conceived default judgment against the (unnamed) party who Plaintiff knew held her loans. Plaintiff has the burden to establish a legal basis for her complaint. No such basis has been cited, and, in fact, affidavits and servicing history on her loan supports ECMC motion for summary judgment as a matter of law.

As noted above, Plaintiff failed to make her loan payments to lender Sallie Mae and she defaulted under the terms of her student loan promissory note on or about September 22, 2003. On September 24, 2003, the guarantor, Great Lakes (Great Lakes) sent Plaintiff a letter notifying her that she had defaulted, that GLEC had paid off the lender, and had contracted with OSI, a collection agency, to collect on the Loan. *See* Exhibit E. OSI began contacting and corresponding with Plaintiff on September 24, 2003. *See* Exhibit B (OSI's Collection History report evidencing numerous contacts with Plaintiff regarding the default status of the Loan). In fact, Plaintiff herself contacted OSI on October 1, 2003. *See* Exhibit B-2. Moreover, on February 22, 2004, an OSI collector spoke in person with Plaintiff, told her that

DEFENDANT EDUCATIONAL CREDIT MANAGEMENT
CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND NOTICE AND MOTION FOR
SUMMARY JUDGMENT - 11
Case No. 04-14958 Adv. Proc. No. 08-01117
#671218 v1 / 32859-120

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

her loan was defaulted, and advised her that "there is a good possibility she will be garnished." Plaintiff replied: "That was fine." *See* Exhibit B-6.

On April 13, 2004, almost seven months *after* Great Lakes notified Plaintiff that her loans were defaulted and owned by Great Lakes and almost six months *after* Plaintiff's own actions evidence that she knew her loans were held by Great Lakes/OSI, Plaintiff filed a Chapter 13 bankruptcy. Great Lakes assigned Plaintiff's account to ECMC after she filed her Chapter 13 bankruptcy case, and ECMC filed a proof of claim on August 30, 2004, which provided further notice to Plaintiff's former attorney that an entity other than Sallie Mae held his client's student loan debt. Nonetheless, Plaintiff's former attorney filed an adversary proceeding on September 10, 2004. Despite knowing that Great Lakes owned her loan and despite having had numerous contacts with Great Lakes/OSI, and despite knowing that ECMC had received assignment of and had filed a proof of claim in her Chapter 13 case, Plaintiff named only one party as defendant in her Complaint: Sallie Mae, Inc.

When Plaintiff filed her adversary proceeding, Sallie Mae had not owned any right, title, or interest in Plaintiff's student loan debt **for almost one year**. Moreover, Plaintiff had known that Sallie Mae no longer owned her loan for almost one year and had known for almost one year the identity of the entity that did own her student loan debt.

After Plaintiff's Chapter 13 had been fully administered and discharged, ECMC's in house Senior Attorney, Julie Swedback, advised Plaintiff's former bankruptcy counsel Ron Bell (who had retired), through his law partner William Davis, that the default order against Sallie Mae had no legal effect on ECMC's interest because Plaintiff's loan had defaulted

DEFENDANT EDUCATIONAL CREDIT MANAGEMENT
CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND NOTICE AND MOTION FOR
SUMMARY JUDGMENT - 12
Case No. 04-14958 Adv. Proc. No. 08-01117
#671218 v1 / 32859-120

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

before her bankruptcy filing and had been owned by the guarantor before he filed the bankruptcy and the adversary proceeding. Therefore, he had not only sued the wrong party but also had sued a party who had not owned the loan for almost a year. Ms. Swedback offered to accept service of process of a new § 523(a)(8) adversary proceeding complaint naming ECMC or to discuss consolidation/rehabilitation options with him and/or his client. *See* Exhibit F.

There is no factual or legal basis Plaintiff can construct to make the default order entered against Sallie Mae, a party that she knew held no right, title, or interest in the student loan debt, applicable to ECMC. Therefore, in addition to the jurisdictional infirmities, Plaintiff be unable to show a "strong likelihood of success on the merits—indeed there is no likelihood of success—her motion for a preliminary injunction must be denied.[1]

Accordingly, Plaintiff is unlikely to succeed on the merits of her claim in this matter. For this reason alone, her motion for a preliminary injunction and requested contempt relief should be denied in full.

---

[1] At the April 9, 2008, hearing, ECMC erroneously argued there was a *Garmhausen/Wedell* issue at stake here. Because Plaintiff's loans were defaulted before she filed her bankruptcy, *Garmhausen/Wedell* does not apply, i.e., Plaintiff knew that Sallie Mae had not held her loans for nearly a year before she filed her adversary proceeding. So the Court does not even need to go into a *Garmhausen* or surety analysis here. Plaintiff's former attorney, Ron Bell's adversary complaint was legally deficient at filing. Debtor's present counsel cannot correct the deficiency or rely on the default judgment taken against Sallie Mae. To determine the dischargeability of Plaintiff's student loan debt, he needs to properly file and serve ECMC with a summons and complaint under §523(a)(8).

DEFENDANT EDUCATIONAL CREDIT MANAGEMENT
CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND NOTICE AND MOTION FOR
SUMMARY JUDGMENT - 13
Case No. 04-14958 Adv. Proc. No. 08-01117
#671218 v1 / 32859-120

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

### 2. Plaintiff will not suffer irreparable injury if the preliminary injunction is not granted.

The second prong a plaintiff must establish in order for a motion for a preliminary injunction to be granted is that she will suffer irreparable injury absent the injunction. An irreparable injury is generally one for which a court could not compensate the moving party should she prevail in the final decree. *See Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984). Accordingly, economic or monetary loss is not an irreparable injury because a party can be compensated for the loss. *See Nelson v. NASA*, 512 F.3d 1134, 1146 (9th Cir. Cal. 2008); *Los Angeles Memorial Coliseum Com. v. National Football League*, 634 F.2d 1197, 1202 (9th Cir. Cal. 1980).

Plaintiff will not suffer irreparable injury if the preliminary injunction is not granted because her only potential injury is monetary. If the injunction Plaintiff seeks is not granted, ECMC will continue to garnish her wages in partial satisfaction of her student loan debt. Moreover, the Higher Education Act provides for administrative relief from wage garnishment actions, and Plaintiff should be required to exhaust those administrative remedies. 20 U.S.C. § 1095a; 34 C.F.R. § 682.410(b)(9). In the event Plaintiff is entitled to relief under the Higher Education Act, the appropriate court or agency could compensate any monetary injury.

Because Plaintiff's only potential injury in this matter is the monetary loss associated with garnishment of her wages, she has not sustained her burden of proving she will suffer irreparable injury if a preliminary injunction is not entered in this matter. Plaintiff therefore fails to prove she is entitled to injunctive relief, and her motion should be denied.

DEFENDANT EDUCATIONAL CREDIT MANAGEMENT
CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND NOTICE AND MOTION FOR
SUMMARY JUDGMENT - 14
Case No. 04-14958 Adv. Proc. No. 08-01117
#671218 v1 / 32859-120

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

## C. ECMC is Entitled to Summary Judgment Dismissing Plaintiff's Complaint for an Injunction and Contempt Remedies.

Summary judgment is proper if "there is no genuine issue as to any material fact and .... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Surrell v. Cal. Water Serv.*, 518 F.3d 1097, 1103 (9th Cir. Cal. 2008). Conclusory statements without factual support are insufficient to defeat a motion for summary judgment. *Nat'l Steel Corp. v. Golden Eagles Ins. Corp.*, 121 F.3d 496, 502 (9th Cir. 1997).

Here, as noted above, the default judgment issued against Sallie Mae has no legal effect or impact on ECMC. Plaintiff was well aware of the transfer of her loans from Sallie Mae to Great Lakes when she defaulted and had been aware of the transfer for almost a year before she filed her adversary proceeding against Sallie Mae. Neither Great Lakes nor ECMC was never named as a party, and Sallie Mae held no title or interest in her loans. The default judgment is therefore legally incompetent. Moreover, Plaintiff's complaint does not present any genuine issues of material fact, and ECMC is entitled to judgment as a matter of law with respect to her claims for injunctive relief and contempt remedies. ECMC's motion for summary judgment should therefore be granted.

### 1. The Discharge Judgment Has no Legal Effect on ECMC.

For the reasons stated above, the Court has no authority to uphold a default judgment issued against an entity that had no legal interest in the subject matter of the action as a means to extinguish a debt owed to an entity who held the debt when the adversary proceeding was filed. The same holds true for the requested contempt remedies sought – even if the Court

DEFENDANT EDUCATIONAL CREDIT MANAGEMENT
CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND NOTICE AND MOTION FOR
SUMMARY JUDGMENT - 15
Case No. 04-14958  Adv. Proc. No. 08-01117
#671218 v1 / 32859-120

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

enjoins the valid garnishment order, there is no authority providing for attorneys fees and costs.

**2. Plaintiff's complaint does not present genuine issues of material fact.**

In essence, Plaintiff's complaint sets forth only two basic types of factual allegations, neither of which ECMC disputes. First, Plaintiff alleges that the Court entered an order in her bankruptcy action on October 18, 2004. While Plaintiff and ECMC disagree as to the legal effect of the Court's October 18, 2004, order, ECMC does not dispute the fact that such an order was entered. The parties' dispute as to the legal effect of the October 18 order, however, is not a genuine issue of material fact that renders summary judgment inappropriate in this matter. The October 18 order speaks for itself, and any dispute as to its legal effect is a question of law capable of adjudication on summary judgment. *See Fernandez v. GE Capital Mortg. Servs.* (*In re Fernandez*), 227 B.R. 174, 179 (B.A.P. 9th Cir. 1998).

The only other factual allegations set forth in Plaintiff's complaint relate to ECMC's efforts to collect on the student loan debt it contends Plaintiff owes to ECMC,. ECMC does not dispute that it has attempted to collect on the student loan debt, including initiating garnishment proceedings against Plaintiff in November 2007. The only dispute in this matter is whether the Court's October 18 order discharged the student loan debt Plaintiff owes to ECMC. Again, the legal effect of the October 18 order is a question of law, as opposed to an issue of fact sufficient to defeat a summary judgment motion. *See id.* As noted above, Plaintiff's former attorney named the wrong party and Plaintiff has no legal ground to make that order binding on Great Lakes/ECMC.

DEFENDANT EDUCATIONAL CREDIT MANAGEMENT
CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND NOTICE AND MOTION FOR
SUMMARY JUDGMENT - 16
Case No. 04-14958  Adv. Proc. No. 08-01117
#671218 v1 / 32859-120

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

# VII. CONCLUSION

Plaintiff's motion for a preliminary injunction and requested contempt remedies should be denied because she is unlikely to ultimately succeed on the merits of her claim for a permanent injunction and she will not suffer irreparable harm absent the preliminary injunction she seeks.

Furthermore, the claims for relief Plaintiff sets forth in her complaint should be dismissed with prejudice on summary judgment. Plaintiff's complaint does not present any genuine issues of material fact, and ECMC is entitled to judgment as a matter of law. A proposed order is attached.

DATED this 22nd day of May, 2008.

KARR TUTTLE CAMPBELL, P.S.

By: /s/ Michaelanne Ehrenberg
Michaelanne Ehrenberg, WSBA #25615
Attorneys for Educational Credit
Management Corporation

DEFENDANT EDUCATIONAL CREDIT MANAGEMENT
CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND NOTICE AND MOTION FOR
SUMMARY JUDGMENT - 17
Case No. 04-14958  Adv. Proc. No. 08-01117
#671218 v1 / 32859-120

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100